IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT JOHNSON, | ) |
| Plaintiff | ) |
| v. | ) Civil No. 24-1248 |
| JORDAN R. MACFARLANE, | ) |
| JENNIFER L. JEFFRIES, NATHAN A. HENNING, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff, Vincent Johnson, proceeding pro se, commenced this action by filing a Complaint, alleging violations of civil rights, 42 U.S.C § 1983, violation of his Fourth Amendment rights, and a state law claim of false imprisonment, against Defendants Jordan R. MacFarlane, Jennifer L. Jeffries, and Nathan A. Henning. ECF No. 5. Presently before the Court is the Motion to Dismiss the Complaint, with Brief in Support, filed by Magisterial District Judge Jennifer L. Jeffries and Magisterial District Judge Nathan A. Henning.[1] ECF Nos. 21 & 22. Mr. Johnson was given until February 11, 2025, to file a Response to the Motion to Dismiss. ECF No. 24. As of the date of this Order, Mr. Johnson has not filed a Response. For the reasons explained below, the Motion to Dismiss will be granted.

**I.    Background**

The gist of Mr. Johnson's Complaint is that he was arrested, presumably by Defendant Trooper Jordan McFarlane, without an affidavit of probable cause, and confined on May 19, 2024. Mr. Johnson alleges that his arrest occurred in the absence of probable cause, and that his

---

[1] Defendant Jordan R. MacFarlane filed an Answer to the Complaint. ECF No. 23. A separate Order will be entered setting an Initial Case Management Conference.

criminal complaint and an affidavit of probable cause were not filed until May 20, 2024, after he already been arrested and confined on May 19, 2024.

As the Judicial Defendants observed, the only allegations in his Complaint aimed at either of the Judicial Defendants appears in his request for relief, wherein he requests that Judge Jeffries "step down." The Judicial Defendants have attached the May 19, 2024 Affidavit of Probable Cause and the May 19, 2024 Police Criminal Complaint (both of which were filed on May 20, 2024). ECF No. 22-1 & 22-2. Both of these documents were issued by Judge Jeffries on May 19, 2024.

## II. Discussion

As set forth below, there are several sound justifications for dismissing the Complaint against the Judicial Defendants.

### A. Failure to State a Claim Upon Which Relief can be Granted

The Complaint lacks sufficient factual allegations against the Judicial Defendants to state a claim upon which relief can be granted. Mr. Johnson refers to his May 2024 criminal complaint and affidavit of probable cause, both of which were authorized by Judge Jeffries, but Mr. Johnson does not allege any other facts to show that either Judge violated his civil rights or engaged in any other conduct that wronged Mr. Johnson. Therefore, because no valid cause of action or claim has been stated against the Judicial Defendants in their official or individual capacities, the Complaint against them will be dismissed.

### B. Eleventh Amendment Immunity

Any potential claims asserted against the Judicial Defendants are barred by Eleventh Amendment. The Eleventh Amendment bars suits against the Commonwealth of Pennsylvania and its agencies in federal court that seek monetary damages. *Pennhurst State Sch. & Hosp. v.*

*Haldeman*, 465 U.S. 89, 99-100 (1984). The Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court. *See* 42 Pa. Cons. Stat. §§ 8521-22; *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Therefore, the Commonwealth and its officials, including Magisterial District Judges, sued in their official capacities, are immune from suits filed in federal court. Accordingly, the official capacity claims against the Judicial Defendants will be dismissed based on Eleventh Amendment immunity.

### C. Absolute Judicial Immunity

The only conduct the Judicial Defendants allegedly engaged in, are actions taken in their official capacity as District Judges, and as such, the Judicial Defendants are immune from damage suits. *Stump v. Sparkman*, 435 U.S. 349 (1978). Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in complete absence of all jurisdiction. *Id.* at 355-56. Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity extends to Magisterial District Judges. *Blackwell v. Middletown Borough Police Dep't*, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) citing *Figuero v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000). Moreover, a "judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of authority." *Stump*, 435 U.S. at 356. Furthermore, judicial immunity is not forfeited even if a judge committed "grave procedural errors," conducted a proceeding in an "informal and ex parte" manner or performed an action that was "unfair" or controversial. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction."

*Mireles*, 502 U.S. at 11-12. An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*, 211 F.3d at 768. Accordingly, the Judicial Defendants are entitled to absolute immunity from suit.

### D. Sovereign Immunity as to any State Law Claims

The Judicial Defendants are also entitled to Sovereign Immunity from any potential state law claims. 1 Pa. Cons. Stat. § 2310; *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010). Mr. Johnson refers to the Judicial Defendants' conduct in handling a Trooper's request for a warrant, the filing of a criminal complaint and affidavit of probable cause, and the setting of bail. Such acts are judicial actions protected by Section 2310 immunity.

### E. Judicial Defendants in their Official Capacity are not "Persons" Subject to Suit

To state a § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). For the purposes of § 1983, a state official sued in their official capacity is not a "person" under § 1983. Therefore, a § 1983 claim cannot be maintained against either of the Judicial Defendants. *Wivell v. Pennsylvania State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007).

### III. Conclusion

Plaintiff cannot maintain his Complaint against the Judicial Defendants. First, he has failed to state a claim upon which relief can be granted. Next, the Judicial Defendants are entitled to Eleventh Amendment immunity, absolute judicial immunity, and sovereign immunity as to any state law claims. Finally, the Judicial Defendants are not subject to a § 1983 action because, in their official capacities, they are not considered "persons." Accordingly, all claims asserted

against Judicial Defendants will be dismissed, and the Complaint will be dismissed as asserted against the Judicial Defendants. Leave to amend the Complaint will not be granted as the Court finds that amendment would be futile.

AND NOW, this 14th day of May 2025, Defendants Jennifer L. Jeffries and Nathan A, Henning's Motion to Dismiss the Complaint, ECF No. 21, is GRANTED in all respects, as discussed above.

IT IS FURTHER ORDERED that all claims asserted against the Judicial Defendants are hereby dismissed with prejudice. The Complaint, as asserted against the Judicial Defendants, is hereby dismissed, with prejudice.

The Court declines to grant leave to amend the Complaint as such would be futile.

                                                                      _s/*Marilyn J. Horan*_
                                                                      Marilyn J. Horan
                                                                      United States District Court Judge

Vincent J. Johnson, pro se
75 East Highland Avenue
Uniontown, PA 15401